May Term,
1860.

HAWKINS
v.
THE BOARD
OF COMMIS-
SIONERS, &c.

The appeal is dismissed with costs.

*J. O'Brian*, for the appellant.

---

*Wednesday,
June 13.*

---

## HAWKINS and Others *v.* THE BOARD OF COMMISSIONERS
### OF THE COUNTY OF STARKE.

Complaint against a county board, alleging that a petition praying a change of the county boundary so as to include certain territory, supported by affidavits that the petitioners were residents of the territory in question, and a majority of the legal voters thereof, which petition and affidavits were made part of the complaint, had been rejected by the board, and the prayer there-

May Term,
1860.
_____
HAWKINS
v.
THE BOARD
OF COMMIS-
SIONERS, &c.

of refused, and that the bord had refused to order the petition to be filed, and the application to be continued to the next term, and praying a writ of *mandamus*. The complaint was sworn to by two persons. On motion, a writ to show cause, &c., embodying the complaint, was issued, to which a demurrer was sustained. *Held*, that this was error; that the statute was substantially followed.

Wednesday,
June 13.

APPEAL from the *Starke* Court of Common Pleas.

HANNA, J.—At the *October* term of the Common Pleas Court the appellants filed their complaint, averring that the petition, which was made a part of their complaint, had been by them theretofore presented to the said appellees, to-wit, at the *September* term, 1857, of said board; and that said board rejected said petition and refused the prayer of said petitioners, and refused to perform their duty in respect to said petition, in this, that they refused to order said petition filed, and said application to be continued until the regular meeting of said board next thereafter, as it was their duty to do, &c.

The plaintiffs pray a writ of mandate to compel said commissioners to receive, file, and spread upon their records said petition, &c., to continue the same, &c., and to forward a copy to the secretary of state's office, &c.

The Complaint was sworn to by two persons, as was, also, the petition, made a part thereof.

The petition referred to was one praying that the boundary lines of the said county might be so changed as to include within the limits of said county, certain territory described as being within the boundaries of the county of *Jasper*, &c.

There is attached to said petition the affidavits of two persons that the persons whose names appear to the same are residents of said named territory, and constitute a majority of the legal voters thereof, &c.

Upon motion of appellants, a writ was ordered to issue against the said board to show cause, &c. The writ embodied the complaint, petition, and affidavits.

The defendant appeared and demurred to the writ, as stated by the record, because the same does not state facts sufficient, &c.

The demerrer was sustained, which presents the only question in the case.

We think the Court erred in sustaining the demurrer. The mode of proceeding, pointed out by the statute, appears to have been substantially complied with. Nothing is urged here, in the case at bar, against the validity of the statute. See the case of *The Board of Commissioners of Jasper County* v. *Spitler*, at the last term. (1)

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. O'Brian, A. Daggy, S. C. Willson, J. E. McDonald,* and *A L Roache,* for the appellants.

(1) 13 Ind. R. 235; and see the argument in that case.